IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO ANDRES B.L.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY,<br><br>Respondent. | Civil No. 1:26-cv-09208-MWJS<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART<br><br>A# 222-574-039 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Petitioner Pedro Andres B.L.[1] entered the United States without inspection on an unknown date. Dkt. No. 9, at pg. 1. In August 2026, Immigration and Customs Enforcement (ICE) detained Petitioner in Elizabeth, New Jersey. Dkt. No. 9-1, at pg. 2. Petitioner had a bond hearing scheduled in September, but was transferred from New Jersey to California before that hearing could occur. Dkt. No. 9, at pg. 1. As a result, Petitioner has now been detained by ICE for nearly three months, despite the fact that

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

he has not been found to be a danger to the community or a flight risk at a bond hearing.

Petitioner invokes this court's habeas jurisdiction, arguing that his detention is unlawful.[2] Dkt. No. 1, at pg. 16. He seeks an order granting his immediate release or a bond hearing. *Id.* at pg. 17.

This court and many others have granted relief in cases analogous to this one. *See, e.g.*, *Juana G.R.P. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-04406-MWJS, 2026 WL 1712375 (E.D. Cal. June 12, 2026); *Bertoldo B.F. v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-0364-MWJS, 2026 WL 1638322 (E.D. Cal. June 4, 2026); *Anderson O.H.G. v. Johnson*, No. 1:26-cv-03248-MWJS, 2026 WL 1330831 (E.D. Cal. May 12, 2026); *Jose C.L.L. v. Chestnut*, No. 1:26-cv-03453-MWJS, 2026 WL 1275305 (E.D. Cal. May 7, 2026); *Francisco C.T. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03308-MWJS, 2026 WL 1234218 (E.D. Cal. May 4, 2026); *Ixcox Chum v. Lyons*, No. 1:26-cv-02491-KES-EPG (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need

---

2 Although Petitioner focuses primarily on his due process rights, the court liberally construes his pro se pleading as also asserting a violation under the Immigration and Nationality Act. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In this regard, Petitioner asserts he has been denied a "statutory or regulatory pathway . . . to seek a Bond Hearing before a neutral decisionmaker." Dkt. No. 1, at pg. 5.

only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court ordered Respondent to address the following issues: (1) whether Petitioner is subject to a final order of removal; (2) whether, in Respondent's view, Petitioner is subject to mandatory detention pursuant to any provision other than 8 U.S.C. § 1225(b)(2); (3) whether Petitioner was ever previously detained and released by immigration authorities; (4) if Petitioner was not previously detained and released, whether there are any factual or legal bases to distinguish this case from the many prior cases in which petitioners have been granted bond hearings, including *Juana G.R.P.* and *Bertoldo B.F.*; and (5) whether Petitioner previously received a bond hearing. Dkt. No. 3.

The court appreciates Respondent's timely and candid response. Dkt. No. 9. Respondent acknowledges that Petitioner is not subject to a final order of removal, and he has not received a bond hearing. *Id.* at pgs. 1–2. Respondent also acknowledges that Petitioner is detained under 8 U.S.C. § 1226(a) and notes that "[t]he only circumstances that may distinguish this case from those cited in ECF No. 8 is that Petitioner seemingly attempted to elude arrest and fled from arresting officers." *Id.* Respondent asserts that it "has filed the Form I-286 with the immigration court to trigger a bond hearing." *Id.* But given the fact that Petitioner has been detained for nearly three months with no hearing, Respondent's assertion that one might be in the works is not sufficient to assure the court that Petitioner is receiving the process he is due under the statute.

Therefore, given the lack of any factual or legal issues in this case that would distinguish it from the prior cases that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part. Respondent is ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. If Petitioner requests additional time before the immigration judge, the time for Respondents to comply with the bond hearing order is automatically extended. Any representation by Petitioner in immigration court that Petitioner is not prepared to go forward with the bond hearing shall be treated as a request for a continuance, and not a withdrawal of the bond hearing request. Respondent shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing. If a bond hearing has been held, the status report must include a copy of the immigration judge's decision or an explanation of why the decision is not available. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

//

//

//

//

IT IS SO ORDERED.

DATED: November 20, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge